UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO VALDERRAMA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA;<br>CALIFORNIA HIGHWAY PATROL;<br>COMMISSIONER WARREN<br>STANLEY, individually and as a<br>PEACE OFFICER of the CALIFORNIA<br>HIGHWAY PATROL; JOSHUA<br>FUHRMAN, individually and as a<br>PEACE OFFICER of the CALIFORNIA<br>HIGHWAY PATROL, DOES 1-50,<br>inclusive,<br><br>Defendants. | No. 2:19-cv-01389-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Marco Valderrama ("Plaintiff") alleges he was wrongfully arrested and detained through the use of excessive force following an automobile accident.  Plaintiff's lawsuit names both the State of California, the California Highway Patrol ("CHP"), CHP Commissioner Warren Stanley, and the arresting CHP officer, Joshua Fuhrman, as Defendants.[1]  The Complaint includes fourteen causes of action, including five claims for violations of 42 U.S.C. § 1983, a claim for conspiracy in contravention of 42 U.S.C. § 1985, and eight state law causes of action.

---

[1] This Memorandum and Order will refer to said Defendants collectively unless otherwise noted.

1

1  Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal

2  Rule of Civil Procedure 12(b)(6).  As set forth below, that Motion is GRANTED in part

3  and DENIED in part.[2]

4

5  **BACKGROUND[3]**

6

7  Plaintiff was involved in a three-vehicle motor vehicle accident on July 24, 2017,

8  in Sacramento, California.  His vehicle rear-ended a car driven by one Carolyn Lovato,

9  causing her vehicle to collide with the back of a car driven by Elizabeth Brown.  After

10 moving to the side of the roadway, Plaintiff suggested that the three drivers exchange

11 information and began to write down the plate numbers and identifying vehicle

12 information for the other two vehicles.  While Lovato provided her information, Brown

13 refused to do so and took the envelope Plaintiff had used to record information from him.

14 According to the Complaint, after Plaintiff returned to his car to get another piece

15 of paper, Brown called 911 and reported that Plaintiff was attempting to flee the scene of

16 the accident because he was an illegal alien without valid insurance.  She then followed

17 Plaintiff to his car, sat in the passenger seat and attempted to open the glove

18 compartment.  Despite Plaintiff requesting that Brown exit his vehicle, Brown remained in

19 Plaintiff's car until CHP Officer Fuhrman arrived.

20 ///

21 ///

22

23 [2] The Court notes at the onset that Plaintiff has agreed to dismiss various claims and parties in
response to the subject Motion.  He has agreed to dismiss, with prejudice, the First Claim, for municipal
24 liability under Section 1983.  He has further agreed to dismiss the State of California and the California
Highway Patrol from his Second, Third, Fourth, Fifth and Seventh Claims, with prejudice.  Plaintiff also
25 agrees to dismiss all claims against Defendant Fuhrman in his official capacity, with prejudice, and
dismisses Commissioner Stanley from this lawsuit entirely.  Plaintiff additionally dismisses his Eighth
26 Claim for Abuse of Process as duplicative and agrees to seek punitive damages only against Defendant
Fuhrman in his individual capacity.  Given those concessions, the Court need not further address
27 Defendants' Motion insofar as it is directed to those issues.

28 [3] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from
the allegations contained in Plaintiff's Complaint.  ECF No. 1.

1    According to Plaintiff, once Officer Fuhrman's responded to the scene, Plaintiff

2    complied with all of his demands, including requests that Plaintiff exit the car and provide

3    his driver's license.  Plaintiff contends that Fuhrman nonetheless became violent when

4    Plaintiff attempted to sit back down in the vehicle.  Plaintiff further avers that Fuhrman put

5    his arm around Plaintiff's throat and slammed his face into the concrete wall barrier

6    abutting the street, causing Plaintiff to sustain a gash over his right eye.  Fuhrman then

7    purportedly knocked Plaintiff to the ground, placed him in handcuffs, and slammed his

8    head into the pavement without any reasonable suspicion or probable cause for doing so.

9    Plaintiff emphasizes that he did nothing to provoke Fuhrman's violent response

10   for what amounted to, at best, a misdemeanor traffic infraction.  In addition, Plaintiff more

11   generally contends that Fuhrman has a "penchant for harassing Hispanic males"

12   encountered in his patrols as a CHP officer, and he alleges on information and belief that

13   at least four Hispanic males have complained about Fuhrman's practices in this regard.

14   Pl.'s Compl., ECF No. 1, ¶ 13.

15   After being treated for his injuries at an emergency room, Plaintiff was transported

16   to the Sacramento County Jail where he was held in custody for over eight hours.

17   Although Plaintiff was subsequently charged with violating California Penal Code

18   § 148(A)(1) ("Resisting Arrest"), all charges against him were ultimately dropped on

19   March 21, 2019.

20   Prior to filing the instant lawsuit, Plaintiff submitted a government tort claim to the

21   State of California on January 26, 2018.  Plaintiff listed two attorneys as representing

22   him, Sacramento County Public Defenders Whitney McBride and Juan Contreras.[4]

23

24   [4] Defendants have requested that the Court judicially notice a certified record of Plaintiff's
government claim file (No. 18000761) pursuant to Federal Rule of Evidence 201, which authorizes the
25   Court to notice facts not subject to reasonable dispute insofar as they are capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be questioned.  Courts have
26   accordingly judicially noticed matters of public record like the State's government claim file, and doing so is
proper even when outside the pleading on a motion to dismiss.  See MGIC Indem. Corp. v. Weisman,
27   803 F.2d 500, 504 (9th Cir. 1986). Although Plaintiff objects to Defendants' request on grounds it is offered
to prove that Plaintiff actually received a subsequent denial of his claim, as Defendants point out the tort
28   claim documents are not being offered for that purpose.  Defendants' Request for Judicial Notice (ECF
No. 12, hereafter "RJN") is accordingly GRANTED.

1   Three days later, on January 29, 2018, California's Department of General Services sent

2   a denial of the claim to Plaintiff's counsel, advising them that Plaintiff had six months

3   from the date the notice was deposited in the mail to timely file suit.

4        Plaintiff's lawsuit was in fact filed on July 22, 2019, nearly a year and a half later,

5   and Plaintiff alleges he never received a notice of denial.  The portions of Defendants'

6   Motion to Dismiss which remain at issue concern whether Plaintiff's state law claims are

7   in fact time-barred, and whether Plaintiff can assert a Fourteenth Amendment Claim for

8   interference with his spousal relationship as alleged in his Fourth Claim for Relief.

9

10                                        **STANDARD**

11

12        On a motion to dismiss for failure to state a claim under Federal Rule of Civil

13   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

14   construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins.</u>

15   <u>Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

16   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

17   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>

18   <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,

19   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

20   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

21   his entitlement to relief requires more than labels and conclusions, and a formulaic

22   recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and

23   quotations omitted).  A court is not required to accept as true a "legal conclusion

24   couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

25   <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

26   above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright &

27   Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the

28   ///

                                              4

1  pleading must contain something more than "a statement of facts that merely creates a

2  suspicion [of] a legally cognizable right of action")).

3          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

4  assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and

5  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

6  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

7  the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &

8  Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

9  relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

10  claims across the line from conceivable to plausible, their complaint must be dismissed."

11  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

12  that actual proof of those facts is improbable, and 'that a recovery is very remote and

13  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

14          A court granting a motion to dismiss a complaint must then decide whether to

15  grant leave to amend.  Leave to amend should be "freely given" where there is no

16  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

17  to the opposing party by virtue of allowance of the amendment, [or] futility of the

18  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

19  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

20  be considered when deciding whether to grant leave to amend).  Not all of these factors

21  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

22  carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

23  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

24  "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

25  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

26  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

27  1989) ("Leave need not be granted where the amendment of the complaint . . .

28  constitutes an exercise in futility . . . .")).

1

**ANALYSIS**

2

3      **A.      Timeliness of Plaintiff's State Law Claims**

4      Defendants contend that Plaintiff's Eighth through Fourteenth Claims for Relief, as

5 well as his Sixth Claim, must all be dismissed as untimely since, while Plaintiff submitted

6 a timely claim under California's Government Claims Act ("Act") as a prerequisite to

7 pursuing those claims in court, he nonetheless failed to file suit within the time

8 prescribed by the Act following rejection of his claim.

9      The Act "governs actions against public entities and public employees" for money

10 or damages.  Cal. Gov't Code §§ 801 et seq. and § 945.4; <u>County of Los Angeles v.</u>

11 <u>Superior Court,</u> 127 Cal. App. 4th 1263, 1267 (2005).  As Defendants point out, the

12 timeliness of such actions is governed by the specific statutes of limitations set forth in

13 the California Government Code rather than the limitations period applicable to private

14 defendants.  <u>Moore v. Twomey</u>, 120 Cal. App. 4th 910, 913-14 (2004).

15      As codified in the Government Code, the Act requires that any tort claims

16 asserted against public entities or their employees be presented not more than six

17 months after the cause of action accrues as a condition precedent to any suit.  <u>Shirk v.</u>

18 <u>Vista Unified School Dist.,</u> 42 Cal. 4th 201, 208-09 (2007); Cal. Gov't Code § 911.2.  By

19 submitting a claim on January 23, 2018, Plaintiff satisfied this initial requirement given

20 the underlying July 25, 2017, incident upon which it was based.  While Plaintiff alleges,

21 as he must, that a tort claim was submitted prior to suit, he claims only that his claims

22 "were rejected or deemed rejected as a matter of law" with no further indication of when

23 that occurred.  Pl.'s Compl., ¶ 35.

24      The Act, however, additionally specifies that a six-month period also applies once

25 a claim is rejected in writing by requiring that suit be commenced within six months "after

26 the date such notice is personally delivered or deposited in the mail."  Cal. Gov't Code

27 § 945.6(a)(1).  As the certified copy of the file maintained by California's Government

28 Claims Unit makes clear, a notice of denial was sent to Plaintiff through the attorneys

1    who submitted the claim on his behalf on January 29, 2018.  See Ex. A to Defs.' RJN,

2    pp. 4-5.  Given the applicable six-month period that notice triggered, Plaintiff had until

3    approximately July 29, 2018 to timely file his lawsuit.  Because this action was in fact not

4    commenced until July 22, 2019, almost a year after that time expired, Defendants argue

5    that the state law claims subject to the Act's requirements are barred.[5]

6         In opposition, Plaintiff asserts he never received the State's January 29, 2018,

7    denial, and he further claims that the Public Defenders to whom it was forwarded never

8    notified him of the denial or forwarded it to him.  Decl. of Marco Valderrama, ECF

9    No. 14-1, ¶¶ 5, 7.  In support of his assertions, he points to the fact that the notice was

10   mailed only to his attorneys, and not his own address, even though that address was

11   also provided on the claims form.  Plaintiff contends that this casts doubt on whether

12   notice was mailed in the first place and makes any dismissal at the outset of this case

13   improper.

14        Plaintiff's argument misses the mark.  The statute makes it clear that mailing in

15   and of itself is the pertinent inquiry by explicitly requiring that suit be not later than six

16   months after notice is "deposited in the mail."  Cal. Gov't Code § 945.6(a)(1).  Here the

17   Declaration of Service attached to the January 29, 2018, notice shows unequivocally

18   that it was placed in the mail that same day.  RJN. Ex. A, p. 5.  Only if written notice is

19   not mailed does the pertinent limitation period extend to two years, and only in that

20   instance would Plaintiff's July 22, 2019, filing of this action be timely.  See id. at

21   § 945.6(a)(2).   Here, because written notice of denial was sent to Plaintiff on

22   January 19, 2018, he had only six months from the date that notice was mailed to timely

23   file any lawsuit.  The fact that he failed to do so bars his state law claims.

24        In addition to the provisions of the Act itself, case law makes it clear that only

25   mailing itself need be established.  As the court in Edgington v. City of San Diego,

26   118 Cal. App. 3d 39 (1981) noted, "[t]he plain language of section 945.6,

27   _____

     [5] There is no dispute that Plaintiff's federal claims premised on alleged violations of 42 U.S.C.

28   §§ 1983 and 1985 (the Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief) are not subject to
     the Act's requirements.

subdivision (1)() is that the statute of limitations therein begins to run when the written rejection notice is deposited in the mail . . . not when it is delivered." Id. at 46.  Because it is mailing of the written notice, and not the receipt, that triggers the six-month limitation period, "a claimant is required to comply with the six-month statute of limitations . . . upon proof that the notice of rejection was served even if it was not actually received by the claimant." Him v. City and County of San Francisco, 133 Cal. App. 4th 437, 445 (2005).  As the Him court explained, "the legislature has placed upon the claimant the risk that a properly mailed notice of claim rejection is not delivered," with the court pointing out that if the 45-day period for timely acting on a claim has elapsed and no statutory rejection has received, it is up to the claimant "to inquire about the denial and determine, thereby, the limitations period." Id.  Plaintiff cannot forego that inquiry and instead "rely on the fact that no notice was delivered to extend the limitations period" (id.), yet that is exactly what he attempts to do here.  Even proof of non-receipt would not carry the day since because it would still be "legally insufficient" to "negat[e] the six-month statute of limitations defense" given the statute's language.  Id. at 446.

Nor can Plaintiff successfully argue that the notice was insufficient  because it was sent only to his attorneys and not to him directly.  It is uncontroverted that Plaintiff's tort claim included both his address and that of his attorneys.  RJN, Ex A, pp. 6.  The Act requires only that a public entity's notice of rejection be "properly addressed."  Cal. Gov't Code § 915.2(a).  Because the notice here is addressed to the attorneys delineated in the claim, whose addresses were provided, it satisfies that requirement.  See id. at § 915.4(a).  Plaintiff's argument that Defendants failed to provide a return receipt for the mailed rejection is also unpersuasive since no such proof is required by the Act.

Given the foregoing, Defendants are entitled to dismissal of the state law claims requiring compliance with the California Government Code's requirements; namely, Plaintiff's Sixth, and Eighth through Fourteenth, Claims for Relief.  Defendants' Motion as to those claims is accordingly GRANTED.

///

1
2

**B.      Viability of Plaintiff's Substantive Due Process Claim Under 42 U.S.C. § 1983**

3      Defendants move for dismissal of Plaintiff's Fourth Claim for Relief, which alleges

4   Defendants violated his substantive due process rights, and in so doing, deprived

5   Plaintiff of "the love, companionship, comfort, support, society, and care, of his wife

6   Joyce."  Pl.'s Compl., ECF No. 1, ¶ 71.  Defendants allege that because the claim is

7   based, at least in part, on claims of excessive force, they can be pursued only under the

8   Fourth Amendment's "reasonableness" standard and not by way of the Fourteenth

9   Amendment and 42 U.S.C. § 1983.  They cite the Supreme Court's decision in

10  Graham v. Connor, 490 U.S. 386 (1989) in support of that proposition.  Graham,

11  however, involves injuries sustained directly by a plaintiff when law enforcement officers

12  used physical force against him during the course of an investigative stop.  Id. at 388.

13  Here, on the other hand, Plaintiff's Fourth Claim seeks damages for interference with his

14  familial relationship with his wife given his alleged status as her "primary caregiver."  Pl.'s

15  Compl., ¶ 68.

16      As Plaintiff points out, to the extent that the Fourth Claim implicates a family

17  relationship, a cause of action invoking the Fourteenth Amendment is indeed

18  appropriate.  See Venerable v. County of Sacramento, 185 F. Supp. 2d 1128, 1131 ("To

19  recover under § 1983 for interference with familial rights, a plaintiff must show that the

20  defendant acted with deliberate indifference to those rights."); see also Byrd v Guess,

21  137 F.3d 1126, 1134 (9th Cir. 1998).  Such deliberate indifference can be established for

22  Fourteenth Amendment purposes where, as here, Plaintiff alleges that Officer Fuhrman's

23  conduct "shocks the conscience".  Pl.'s Compl., ¶ 67; County of Sacramento v. Lewis,

24  523 U.S. 833, 845-46 (1989); see also Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir.

25  2008).  Since Plaintiff's allegations are sufficient in that regard, Defendants' Motion to

26  Dismiss his Fourth Claim must be DENIED.

27  ////

28  ////

9

1

**CONCLUSION**

2

3     For all the above reasons, Defendants' Motion to Dismiss (ECF No. 10) is

4 GRANTED in part and DENIED in part[6]  as follows:

5     Plaintiff's Sixth, and Eighth through Fourteenth Claims for Relief are untimely

6 because his lawsuit was not brought within six months following denial of his state tort

7 claim on January 29, 2018, and Defendants' Motion to Dismiss on that basis is

8 GRANTED.  To the extent Plaintiff has agreed to dismiss the following claims and/or

9 parties, Defendant's Motion is also GRANTED as to 1) dismissal with prejudice of

10 Plaintiff's First Claim, for municipal liability; 2) dismissal of the State of California and the

11 California Highway Patrol from his Second, Third, Fourth, Fifth and Seventh Claims, with

12 prejudice; 3) dismissal of all claims against Defendant Fuhrman in his official capacity,

13 with prejudice, 4) dismissal of Defendant Stanley from this lawsuit entirely; 5) dismissal

14 of Plaintiff's Eighth Claim for abuse of process as duplicative; and 6) limitation of punitive

15 damages to Officer Fuhrman, only, and only to the extent Fuhrman acted in his individual

16 capacity.

17     Defendants' Motion to Dismiss Plaintiff's Fourth Claim is DENIED.

18     Because the Court does not believe that the deficiencies of Plaintiff's Complaint

19 can be amended to rectify the timeliness of his state law claims, no further leave to

20 amend will be permitted.

21     IT IS SO ORDERED.

22 Dated:  May 19, 2020

23

24 MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

25

26

27

28     [6] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).